

U.S. Department of Justice

*Civil Division*
*Federal Programs Branch*

*20 Massachusetts Avenue, N.W.*
*Washington, D.C.  20530*

February 24, 2017

**By ECF**
Honorable Steven M. Gold
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    *Washington, et al.  v. United States Department of Housing & Urban Development, et al.,*
              CV-16-3948 (Vitaliano, J.) (Gold, M.J.)

Dear Magistrate Judge Gold:

      The Federal Defendants respectfully submit this response to Plaintiffs' February 21, 2017 letter, *see* Pls.' Ltr., ECF No. 41 (Feb. 21, 2017), in which Plaintiffs request that the Court order the Federal Defendants to file the certified administrative record within the next thirty (30) days, or by a date certain.  The Court should deny Plaintiffs' request.

      As this Court expressly observed during the December 20, 2016 status conference, there are substantial issues with regard to the viability of Plaintiffs' claims that the Court should resolve *before* the parties expend time and resources engaging in potentially premature discovery.  *See* Minute Order Granting in Part and Denying in Part [35] Mot. to Stay as Indicated During the Proceeding Held Today (Dec. 20, 2016); *see also* Fed. Defs.' Ltr. Mot. at 3, ECF No. 30 (Dec. 8, 2016).  Those substantial issues include significant questions regarding the Court's jurisdiction to resolve the merit of Plaintiffs' claims against the Federal Defendants, including the Administrative Procedure Act ("APA") claim in Count II of the Amended Complaint for which Plaintiffs seek the certified administrative record.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 84 (1998) (instructing that federal courts must address jurisdiction before reaching the merits, and upon determination that jurisdiction is lacking, "the only function remaining to the court is that of announcing the fact and dismissing the cause"). For this reason, the Court stayed discovery during the pendency of the parties' motion to dismiss briefing *except* to allow the parties to engage in "*limited document* discovery."  *See* Minute Order Granting in Part and Denying in Part [35] Mot. to Stay as Indicated During the Proceeding Held Today (Dec. 20, 2016) (emphasis added).

      Rather than heed this Court's Order directing limited document discovery, Plaintiffs served Requests for Admission ("RFAs") on the Federal Defendants.  *See* Pls.' Ltr. at 2 (referencing the "five RFAs [that Plaintiffs served] seeking to clarify what data HUD maintains about the race of mortgagors whose loans were sold in the Note Sale Program").  Not only do Plaintiffs' RFAs

exceed the scope of the limited *document* discovery that the Court authorized during the December 20, 2016 status conference,[1] but they are a premature fishing expedition to identify putative class members for a case that is likely to be dismissed. The Court should not countenance Plaintiffs' attempted end-run around the Court's Order.

The same is true with respect to Plaintiffs' demand that the Federal Defendants file the certified administrative record within the next thirty (30) days, or by a date certain. Plaintiffs claim that their request for the certified administrative record is simply a "preliminary step" and that an order "directing the Federal Defendants to promptly file the record is the most efficient way to manage the initial phase of the case and ensure that Plaintiffs timely receive core documents." Pls.' Ltr. at 2. But like their RFAs, Plaintiffs' request for the certified administrative record exceeds the scope of this Court's Order authorizing limited document requests. *See* Minute Order Granting in Part and Denying in Part [35] Mot. to Stay as Indicated During the Proceeding Held Today (Dec. 20, 2016) (emphasis added).

Plaintiffs, moreover, have not identified, nor is there, any unfair prejudice to them resulting from the filing of the certified administrative record, if necessary, following the Court's resolution of the Federal Defendants' motion to dismiss. As explained above, the Federal Defendants intend to move to dismiss Plaintiffs' Amended Complaint for lack of jurisdiction, and Plaintiffs do not contend that they need the certified administrative record to respond to the Federal Defendants' jurisdictional arguments. *See, e.g.*, *Conservancy of Southwest Fla.*, No. 2:10cv106-FTM-SPC, 2010 WL11431962, at *1-*2 (M.D. Fla. Aug. 5, 2010) (denying plaintiffs' motion to compel filing of administrative record given that "the basis that Defendants are raising for dismissal of this case are legal issues that do not require the production of the Administrative Record," including "threshold issues that this Court must determine before examining the merits of the case"); *see also Afato v. Clinton*, No. 10cv0060-FCD-EFB, 2010 WL 2219655, at *1 & n.2 (E.D. Cal. June 2, 2010) ("Because consideration of the administrative record is not necessary to resolve the government's motion to dismiss, the court denies plaintiffs' motion [to compel the administrative record] . . . and directs plaintiffs to re-notice the motion before the assigned magistrate judge.").

And to the extent that the Federal Defendants move to dismiss the claims against them under Rule 12(b)(6), the motion to dismiss will assume the truth of Plaintiffs' allegations. In other words, because the certified administrative record is not necessary to establish the truth of the allegations in Plaintiffs' Amended Complaint, Plaintiffs will not be prejudiced by the lack of an administrative record, nor will the lack of an administrative record affect the Court's decision on the motion to dismiss. *See id.* By contrast, the Federal Defendants will be prejudiced by having to devote time and resources to compiling the certified administrative record, a record that would be unnecessary if the Court grants the Federal Defendants' motion to dismiss.

---

[1] *See* Minute Order Granting in Part and Denying in Part [35] Mot. to Stay as Indicated During the Proceeding Held Today (Dec. 20, 2016); *see also Dubin v. E.F. Hutton Grp., Inc.*, 125 F.R.D. 372, 375 (S.D.N.Y. 1989) (citing 8B Charles Alan Wright & Arthur R. Miller, *Fed. Practice & Procedure* § 2253 & n.1 (3d ed. 2016)) (explaining that a request for admissions is not a discovery device).

Finally, it bears mentioning that Plaintiffs are not without options with respect to the "core documents" that they seek as a "preliminary step" in this litigation. The Federal Defendants identified several publicly-available "core documents" in their January 27, 2017 initial disclosures. Moreover, Plaintiffs may serve narrowly-tailored document requests, as this Court originally contemplated in its December 20, 2016 Order. For these reasons, the Federal Defendants respectfully request that the Court deny Plaintiffs' request that the Federal Defendants file the certified administrative record within thirty (30) days, or by a date certain.

The Federal Defendants appreciate the Court's consideration of their response to Plaintiffs' February 21, 2017 letter.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

ROBERT L. CAPERS
United States Attorney
Eastern District of New York

LESLEY R. FARBY
Assistant Branch Director

ELLIOT M. SCHACHNER
Assistant United States Attorney
Eastern District of New York

By: *Tamra T. Moore*
TAMRA T. MOORE
Trial Attorney
United States Department of Justice
Civil Division – Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, DC 20530
(202) 305-8628

cc: All counsel of record