UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
JOSEPH WASHINGTON, ST. CLAIR                                :
BLACKETT, LUCILLE MASON, AND                                :          16-CV-03948 (ENV)(SMG)
MELISSA TROTMAN on behalf of                                :
themselves and all others similarly situated,               :
                                                            :
                              Plaintiffs,                   :
                                                            :
              -against-                                     :
                                                            :
UNITED STATES DEPARTMENT OF                                 :
HOUSING AND URBAN DEVELOPMENT                               :
(HUD), JULIAN CASTRO IN HIS OFFICIAL                        :
CAPACITY AS SECRETARY OF HUD,                               :
EDWARD GOLDING IN HIS OFFICIAL                              :
CAPACITY AS COMMISSIONER OF THE                             :
FEDERAL HOUSING ADMINISTRATION,                             ;
CALIBER HOME LOANS, INC., AND                               :
U.S. BANK TRUST, N.A., AS TRUSTEE FOR                       :
LSF9 MASTER PARTICIPATION TRUST,                            :
                                                            :
                              Defendants.                   :
------------------------------------------------------------X

## STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

It is hereby STIPULATED and AGREED, by and between counsel for the above-captioned

parties hereto, and ORDERED by this Court as follows:

In order to protect confidential business, trade secret, and personal information consistent

with the public's right of access to the Court's records and processes, the Court hereby enters the

following Protective Order pursuant to Fed. R. Civ. P. 26(c)(1)(G) and Fed. R. Evid. 502(d), which

binds the parties to this action, their counsel, representatives, agents, experts and consultants, and

all third parties providing discovery in this action.

**I.      Types of Materials Which May Be Designated Confidential or Highly Confidential**

1.      Any documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, and any other material or information, produced in response to discovery requests in this litigation (hereinafter, collectively, "Discovery Materials"), may be designated by a producing party or non-party as "Confidential" or "Highly Confidential" in accordance with this Protective Order.

2.      "Confidential Information" shall include any Discovery Material which is not in the public domain, is not subject to disclosure under the Freedom of Information Act, and contains any trade secret or other confidential personal, medical, financial, research, or development information.

3.      "Highly Confidential Information" shall include any Confidential Information which is so competitively or personally sensitive that it is entitled to extraordinary protections.

4.      "Borrower Information" shall mean any information that constitutes "nonpublic personal information" within the meaning of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6802, *et seq.* and its implementing regulations, including but not limited to, any portion of a mortgage loan file, spreadsheet or other document or data set that includes financial or credit information for any person (including any credit history, report or score obtained on any such person to determine the individual's eligibility for credit) together with personally identifiable information with respect to such person, including, but not limited to, name, address, Social Security number, loan number, telephone number, or place or position of work.

5.      Any copies or reproductions, excerpts, summaries or other documents or media (e.g., electronic, video, or audio) that excerpt, contain, or otherwise reveal the

substance of (other than in general terms) Confidential Information or Highly Confidential Information shall also be treated as Confidential Information or Highly Confidential Information pursuant to this Protective Order.

**II.**   **Designation of Discovery Materials as Confidential or Highly Confidential**

6.   Any documents, material or information produced in discovery in this action that are to be designated "Confidential" or "Highly Confidential" may be so designated by the producing party or non-party by (i) providing copies of the documents, material or information so designated that are stamped with the legend "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER." Discovery Material stamped or designated "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" shall be treated as Confidential or Highly Confidential, respectively, for the purposes of this Protective Order; or (ii) furnishing a separate written notice to the undersigned counsel for the party receiving such documents, material or information at the time of their production or as soon thereafter as practicable specifically identifying the documents or materials as "Confidential," or "Highly Confidential," so long as the Producing Party supplies substitute copies (bearing the same bates numbers as the original copies, where practicable) of any such documents bearing the designations set forth in Paragraph 6 (i) within 10 business days or as many days as the parties shall agree. To the extent a producing party makes documents available for inspection and copying at the producing party's or counsel's location prior to confidentiality designation of the documents, such materials shall be treated as Highly Confidential until such time as they are produced and assigned confidentiality designations in accordance with this Protective Order

3

7.      If Confidential Information or Highly Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall inform the producing party or non-party as soon as practicable of all pertinent facts relating to such disclosure, and shall notify the party who impermissibly received the information of this Protective Order, make every effort to retrieve the designated material and prevent the occurrence of any further disclosure unauthorized by this Protective Order.

8.      Inadvertent production of or failure to designate any information as Confidential or Highly Confidential shall not be deemed a waiver of the producing party's or non-party's claim of confidentiality as to such information, and the producing party or non-party may thereafter designate such information as Confidential or Highly Confidential as appropriate.

9.      The parties shall serve a copy of this simultaneously with any discovery request made or subpoena served on a non-party in this action.

10.     Deposition testimony and the transcripts and video recordings of depositions conducted during pre-trial discovery in this litigation shall be treated as Highly Confidential for a period of 30 days, or for as many days as the parties shall agree, after receipt of such deposition transcript and/or video recordings to allow time for the deponent or counsel for that deponent, or any party or non-party or its counsel, to notify all parties of any Highly Confidential Information or Confidential Information contained therein. Such Highly Confidential or Confidential Information shall be designated by page and line number, and video cassettes (or other storage media) shall be labelled in accordance with the provisions of this Protective Order.

4

III.   **Protection and Clawback of Privileged or Otherwise Protected Material**

11.   Pursuant to Fed. R. Evid. 502(d), inadvertent production of any document produced in response to discovery requests in this action by any party or non-party, that a party or non-party later claims should have been withheld on grounds of a privilege, including the work product doctrine (collectively referred to hereinafter as an "Inadvertently Produced Privileged Document") will not be deemed to waive any privilege or work product protection. A party or non-party may request the return of any document ("Notice of Recall") that it inadvertently produced by identifying the Inadvertently Produced Privileged Document and stating the basis for withholding such document from production (i.e., attorney-client privilege, attorney work product, etc.) promptly after discovery of the inadvertent production. The procedure for handling Inadvertently Produced Privileged Documents shall be as follows:

(a)   The producing party shall include privilege log entries for the Inadvertently Produced Privileged Document(s) as part of its production of categorical or other privilege log(s) to the receiving party at a date agreed upon by the parties. If the Notice of Recall is issued after the initial production of privilege logs, the producing party shall provide a privilege log for the recalled documents to the receiving party within three business days of the Notice of Recall. If the recall involves redaction of the Inadvertently Produced Privileged Document(s), the redacted version of the document shall be provided simultaneously with the privilege log.

(b)   Upon receipt of the Notice of Recall, the receiving party must decide whether to challenge the Notice of Recall within 5 business days. If the receiving party does not challenge the Notice of Recall within 5 business days, it must destroy

the recalled document(s) within 10 business days of receipt of the Notice of Recall, provide a certification attesting to its destruction, and refrain from reviewing the same for any purpose.  All electronic copies shall likewise be deleted or otherwise be permanently removed from any database(s) within 10 business days of receipt of the Notice of Recall.

(c)     If the receiving party challenges the privilege claim within 5 business days after receiving the Notice of Recall, it may sequester up to two hard copies of a recalled document. The sequestered documents may not be used for any purpose other than to challenge the Notice of Recall until resolution of the challenge. All other hard copies of an Inadvertently Produced Privileged Document must be destroyed within 10 business days of receipt of the Notice of Recall. The receiving party shall render all electronic copies of an Inadvertently Produced Privileged Document, including those maintained on a database, unviewable within 10 business days of receipt of the Notice of Recall pending the resolution of the dispute.

(d)     If the receiving party challenges the privilege claim within 5 business days after receiving the Notice of Recall, it shall request a meet and confer to discuss the appropriateness of the privilege claim(s). The parties shall meet promptly within 10 business days after the receiving party's request for a meet and confer, or as soon thereafter as agreed upon by the parties.

(e)     If, after compliance with the foregoing steps (a) through (d), the receiving party concludes that it disputes the validity of the claim of privilege of a recalled document, it may, within 10 days from the conclusion of the meet and

6

confer, file a motion to challenge the privilege claim. The parties agree that any sequestered Inadvertently Produced Privileged Documents subject to the motion may be submitted to the Court for in camera review. Unless otherwise agreed by the parties or ordered by the Court, all such motions shall be made on notice, with briefing schedule and page limits agreed by the parties or set by the Court. The party claiming the privilege shall have the burden of establishing all elements of the privilege. If the receiving party does not file a motion within the 10-day period after conclusion of the meet and confer, the receiving party must certify destruction of the recalled document, including all sequestered copies, no later than 3 business days after the expiration of the 10-day period.

(f)      If the recall of a document is made during the taking of a deposition or shortly before the occurrence of a deposition, the examining counsel and defending counsel shall meet and confer in good faith at the earliest possible opportunity to determine appropriate steps under the circumstances, consistent with this Protective Order. In the event the claim of privilege is withdrawn or the Court determines the document to be not subject to a valid claim of privilege, if examining counsel and defending counsel do not agree otherwise, the Court shall determine any appropriate remedy, including whether and to what extent a reopening of the deposition may be necessary.

(g)      To the extent previously produced documents were inadvertently produced and retracted in any prior litigation, the inadvertent reproduction of such documents in this case shall not be deemed a waiver of privilege.

## IV.   Permissible Uses of Confidential and Highly Confidential Information

12.     Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents, material or information obtained by such party or witness independently of the discovery proceedings in this action, whether or not such documents, material or information are also obtained through discovery proceedings in this action.

13.     Confidential Information may be disclosed only to the following persons:

(a)     The Court;

(b)     Outside counsel for any party, including associated personnel necessary to assist outside counsel in the action, such as litigation assistants, paralegals, and secretarial or other clerical personnel;

(c)     Consultants, experts or litigation support services, including outside copying services, court reporters, or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a party for the purpose of assisting that party in this action.

(d)     Associated personnel of any person within categories (a) through (c) for whom access to Confidential Information is necessary to assist such persons in the action, including any Court personnel assisting the Court, secretarial or other clerical personnel, stenographers or other person involved in taking or transcribing or videotaping of testimony in this action, and principals and employees of the firm with which consultants or experts are associated;

(e)     Any other person as to whom the party or non-party producing the Confidential Information has consented to disclosure in advance and in writing, on notice to each party hereto;

(f)     During their depositions, any witnesses in the action, consistent with the provisions of paragraph 16 below;

(g)     Any person that is an author or recipient of the Confidential Information;

(h)     Named Plaintiffs and personnel of Defendants actually engaged in assisting in the preparation of this action for trial or other proceedings herein and who have been advised of their obligations hereunder.

(i)     Any former employee of the producing party or non-party that is reasonably likely to have had prior knowledge of the specific document containing the Confidential Information to be disclosed;

(j)     In house-counsel, legal assistants, and other legal staff for each of the parties.

14.     Highly Confidential Information may be disclosed only to any persons falling within categories (a) through (g) in paragraph 13 above.

15.     Notwithstanding the provisions in paragraphs 13 and 14 above, Confidential and Highly Confidential Information may be disclosed to any employee of the party or non-party producing such information.

16.     Subject to the terms of this Protective Order and the Federal Rules of Civil Procedure, any party otherwise may use Confidential Information in the course of a deposition or hearing provided that, prior to any examination of a witness with respect to such Confidential Information, the witness and court reporters are furnished with a copy of this Protective Order, and are shown a confidentiality agreement stating the following:

> "I, [name, position of employment], hereby acknowledge and agree that I am about to receive confidential information. I certify my understanding

that such information is to be provided to me pursuant to the terms and restrictions of the court order of [date entered] in Joseph Washington et al. v. United States Department of Housing and Urban Development (HUD), et al., 16-CV-0948 (ENV)(SMG) have been given a copy of and have read this Protective Order and agree to be bound by its terms."

Counsel for each party representing a deposition witness shall have responsibility for supplying this Protective Order to that witness before the deposition and attempting to obtain their execution of the confidentiality agreement. Witnesses not represented by a party's counsel shall be provided with a copy of this Protective Order at the start of the examination, and shall be advised on the record that he or she is subject to sanctions for violating the terms of this Protective Order. If a witness refuses to execute a copy of the confidentiality agreement, the admonition in the immediately preceding sentence shall serve as a substitute for the execution of the confidentiality agreement, and shall be sufficient to allow for examination of the witness as to Confidential Information. A copy of this Protective Order (including a copy of the confidentiality agreement) shall be included with each subpoena served on non-parties, and the subpoena shall state that this Protective Order shall apply to all documents or other information produced in response to the subpoena.

17.     Persons described in paragraph 13(b) and (j) shall be deemed bound by the terms of this Protective Order upon its entry by the Court. A party disclosing Confidential Information or Highly Confidential Information to a person described in paragraph 13(c)-(i) must first: (i) advise the recipient that the information is Confidential or Highly Confidential Information and may only be used in connection with this or related litigation; (ii) provide the recipient with a copy of this Protective Order; and (iii) attempt to obtain the recipient's execution of a confidentiality agreement in accordance with the procedures set forth in paragraph 16.

18.    Nothing in this Protective Order shall prevent any counsel from advising his or her client concerning this litigation and, in the course of providing such advice, from referring to or disclosing generally Confidential or Highly Confidential Information, so long as he or she does not disclose its specific contents.

## V.    Challenges to Confidential or Highly Confidential Designations

19.    If any party disagrees with the designation by the producing party or non-party of any Discovery Material as Confidential or Highly Confidential Information, then the parties to the dispute, after providing notice to all parties in this action, will attempt first to meet and confer in an attempt to resolve the dispute before presenting the dispute to the Court. All items objected to shall continue to be treated as Confidential or Highly Confidential pending resolution of the parties' dispute. If the dispute can be resolved, all parties shall promptly be informed of the resolution. If the dispute cannot be resolved informally, the disputing party may, within 30 days thereafter, or such other time period as to which the applicable persons have agreed in writing or pursuant to a court order, move the Court for a redesignation of the Discovery Material is in fact Confidential. Until the Court rules on the motion, the material shall be treated consistent with its existing designation. The producing party or non-party bears the burden of persuading the Court that the information is in fact Confidential or Highly Confidential within the definition(s) of that term set forth above. Discovery Material shall not be entitled to a Confidential or Highly Confidential designation where the disputing party demonstrates that such material was in the public domain at the time of, or has become public since, its designation. Nothing in this order precludes any party from challenging a confidentiality designation on any other ground.

20.     Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not: (a) operate as an admission by any party that any particular documents, material or information contain or reflect protected personal, medical or financial information or currently valuable financial, trade secrets or proprietary or commercial information; or (b) prejudice in any way the right of a party at any time: (i) to seek a determination by the Court of whether any particular document, item of material or piece of information should be subject to the terms of this Protective Order; (ii) to seek relief on appropriate notice from any provision(s) of this Protective Order, either generally or as to any particular document, item of material or piece of information; (iii) to object to any discovery request, including the right to assert that no discovery shall be had of certain documents or information; (iv) to seek a higher level of protection than provided for by this Order; or (v) to seek documents or other information from any source. In any instance where a producing party asserts a higher level of protection to Discovery Material after its initial production, the higher protection level shall apply to the materials only as time of their re-designation. Persons who obtain access to such materials prior to their redesignation shall, from the time of notice to them of the materials' redesignation, restrict their review or use of those materials in accordance with the higher protection level.

## VI.     Deposition Procedures

21.     Any deposition testimony concerning a Confidential or Highly Confidential document produced by a non-party will be marked by the court reporter or videographer as Confidential or Highly Confidential on the deposition transcript or videotape.

## VII.    Efforts by Non-Parties to Obtain Confidential Information

22.     If any party has obtained Confidential or Highly Confidential Information under the terms of this Protective Order and receives a request for documents, subpoena or

other compulsory process commanding the production of such Confidential or Highly Confidential Information, such party shall notify the producing party or non-party in writing no later than 10 business days following receipt of the subpoena (but in no event later than 7 business days prior to compliance with the subpoena), including in such notice the date set for the production of such subpoenaed information, so that the producing party may file a motion for a protective order or to quash the subpoena. In the event the producing party files such a motion, the subpoenaed party shall not produce any Confidential or Highly Confidential Information in response to the subpoena without the prior written consent of the producing party or non-party unless in response to an order of a court of competent jurisdiction, or unless a failure to produce such Confidential or Highly Confidential Information would, in the judgment of the subpoenaed party, constitute a violation of any law, rule or regulation.

23.     The parties will not object to the producing party or non-party having a reasonable opportunity to appear in the litigation or process commanding disclosure of such Confidential or Highly Confidential Information for the sole purpose of seeking to prevent or restrict disclosure thereof.

## VIII.   Filing Under Seal

24.     All Confidential or Highly Confidential Information filed with the Court shall be filed under seal pursuant to Individual Rule II.E of Judge Eric N. Vitaliano. If any party objects to any portion of the filed material remaining under seal, it shall, within 10 business days of submission of the materials, state its objections in an emailed letter to counsel for all parties in this action. The interested parties shall promptly meet and confer to attempt to resolve those objections and, if they cannot be resolved, shall promptly tender those objections to the Court for resolution. Any revised public electronic filing, if any, of

that submission shall be made by the submitting party within 10 business days after the Court's decision resolving that dispute.

**IX.**   **Use of Confidential or Highly Confidential Information at Trial**

25.   In the event that a receiving party intends to use another party's Confidential Information or Highly Confidential Information in any trial, hearing, or proceeding in these actions, and there is any dispute as to whether such material continues to be Confidential or Highly Confidential, the parties will meet and confer to resolve such dispute. Upon reaching agreement or resolution of the dispute pursuant to the procedure in paragraph 19 of this Protective Order, the parties shall confer and attempt to agree before any trial, hearing, or proceeding in these actions on the procedures under which a receiving party may introduce into evidence or otherwise use at such trial or hearing another party's Confidential or Highly Confidential Information. Upon reaching agreement, the parties shall submit the terms of such agreement to the Court for its consideration. Absent agreement, the receiving party shall ask the Court to issue an order governing the use of such Confidential and Highly Confidential Information at trial, hearing, or proceeding upon reasonable notice to all parties who have produced such information.

26.   The parties shall confer and attempt to agree before any trial, hearing, or proceeding in these actions on the procedures under which a receiving party may introduce into evidence or otherwise use at such trial or hearing a non-party's Confidential or Highly Confidential Information. Upon reaching agreement, the parties shall give notice of the terms of such agreement to each non-party producing any Confidential or Highly Confidential Information which may be used or introduced at such trial, hearing, or proceeding, and shall submit the terms of such agreement to the Court for its consideration. Absent agreement, the Court shall be asked to issue an order governing the use of such

14

Confidential and Highly Confidential Information at trial, hearing, or proceeding, upon reasonable notice to all non-parties who have produced such information.

**X.**    **Procedures upon Termination of Action**

27.    After the running of any applicable time to appeal the final order entered in this litigation, any producing party or non-party may request that a party return or destroy any Confidential or Highly Confidential Material the producing party or non-party has provided (other than outside counsel's copies of documents filed with the Court and outside counsel's file copies of papers prepared in connection with this matter), which request shall be honored. If the possessing party elects to destroy the Confidential Material rather than return it, the possessing party shall provide the producing party written certification that the destruction has been completed. Nothing in this provision shall limit the rights, if any, of any party or non-party to object to and seek a ruling of the Court concerning a party's retention of any Confidential or Highly Confidential Material. To the extent any person retains copies of Confidential or Highly Confidential Material pursuant to the terms of this paragraph, such Confidential or Highly Confidential Material shall continue to be subject to the protections provided by this Order. In addition, all restrictions in this Order regarding the use by any person of information or knowledge obtained from Confidential or Highly Confidential Material shall continue even after such Confidential Materials are returned or destroyed.

**XI.**    **Miscellaneous**

28.    Reservation of Privileges and Protections.   Nothing in this Order shall prohibit a party, consistent with the Federal Rules of Civil Procedure, Federal Rules of Evidence, or Orders entered by the Court, from withholding from review and/or production

any document or portions thereof covered by any privilege(s) or protection(s) recognized by federal law.

29.    Nothing in this Protective Order shall prejudice the right of any party or non-party to move the Court to broaden or restrict the rights of access to and use of particular Discovery Material, or to seek modifications of this Protective Order upon due notice to all other parties and affected non-parties. To the extent any federal or state law or other legal authority governing the disclosure or use of Borrower Information (hereinafter, "Borrower Information Law") permits disclosure of such information pursuant to an order of a court, compliance with this Protective Order shall constitute compliance with such requirement. To the extent any Borrower Information Law requires a producing party to obtain a court-ordered subpoena or to give notice or obtain consent, in any form or manner, from any person or entity before disclosure, receipt or use of any Borrower Information, the Court finds that, in the view of the protections provided for the information disclosed in this Protective Order, the volume of documents to be produced and the ongoing oversight of the Court, there is good cause to excuse such requirement, and the Court hereby orders that the producing party is exempted from obtaining a court-ordered subpoena or having to notify and/or obtain consent from any person or entity prior to the disclosure of Borrower Information in connection with this Litigation. To the extent that any Borrower Information Law requires that any person or entity be notified prior to disclosure, receipt or use of Borrower Information except where such notice is prohibited by court order, the Court hereby orders, in view of the protections provided for the information disclosed in this Protective Order, the volume of documents to be produced and the ongoing oversight of the Court, that the producing parties are explicitly prohibited

16

from providing such notice in this litigation; provided, however, that this Protective Order shall not prohibit any producing party from contacting any person or entity for any other purpose. Any producing party may seek additional orders from this Court that such party believes may be necessary to comply with any Borrower Information Law.

SO ORDERED:

STEVEN M. GOLD
UNITED STATES MAGISTRATE JUDGE

Dated:

Dated: June 12, 2017

*Elizabeth M. Lynch*

Elizabeth M. Lynch
Christopher Fasano,
Linda Jun
Jeanette Zelhof
MFY LEGAL SERVICES, INC.
299 Broadway, 4th Floor
New York, NY 10007
Tel: (212) 417-3700


Matthew D. Brinckerhoff
Diane L. Houk
EMERY CELLI BRINCKERHOFF &
ABADY LLP
600 Fifth Avenue, 10th Floor
New York, NY 10020
Tel: (212) 763-5000

*Attorneys for Plaintiffs*


CHAD A. READLER
Acting Assistant Attorney General

BRIDGET M. ROHDE
Acting United States Attorney Assistant
Eastern District of New York

LESLEY R. FARBY
Assistant Branch Director

ELLIOT M. SCHACHNER
Assistant United States Attorney
Eastern District of New York


TAMRA T. MOORE
Trial Attorney
United States Department of Justice
Civil Division – Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, DC 20530
Tel: (202) 305-8628

*Attorneys for the Federal Defendants*

Dated: June 12, 2017

Elizabeth M. Lynch
Christopher Fasano,
Linda Jun
Jeanette Zelhof
MFY LEGAL SERVICES, INC.
299 Broadway, 4th Floor
New York, NY 10007
Tel: (212) 417-3700

Matthew D. Brinckerhoff
Diane L. Houk
EMERY CELLI BRINCKERHOFF &
ABADY LLP
600 Fifth Avenue, 10th Floor
New York, NY 10020
Tel: (212) 763-5000

*Attorneys for Plaintiffs*


CHAD A. READLER
Acting Assistant Attorney General

BRIDGET M. ROHDE
Acting United States Attorney Assistant
Eastern District of New York

LESLEY R. FARBY
Assistant Branch Director

ELLIOT M. SCHACHNER
Assistant United States Attorney
Eastern District of New York

TAMRA T. MOORE
Trial Attorney
United States Department of Justice
Civil Division – Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, DC 20530
Tel: (202) 305-8628

*Attorneys for the Federal Defendants*

Benjamin R. Nagin
Melissa Colón-Bosolet
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Tel: (212) 839-5300

Angela C. Zambrano
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
Tel: (214) 981-3300

*Counsel for Defendants Caliber Home
Loans, Inc. and U.S. Bank Trust N.A., not in
its individual capacity, but solely as trustee
for LSF9 Master Participation Trust*

Dated: June 12, 2017

Elizabeth M. Lynch
Christopher Fasano,
Linda Jun
Jeanette Zelhof
MFY LEGAL SERVICES, INC.
299 Broadway, 4th Floor
New York, NY 10007
Tel: (212) 417-3700

Matthew D. Brinckerhoff
Diane L. Houk
EMERY CELLI BRINCKERHOFF &
ABADY LLP
600 Fifth Avenue, 10th Floor
New York, NY 10020
Tel: (212) 763-5000

*Attorneys for Plaintiffs*

CHAD A. READLER
Acting Assistant Attorney General

BRIDGET M. ROHDE
Acting United States Attorney Assistant
Eastern District of New York

LESLEY R. FARBY
Assistant Branch Director

ELLIOT M. SCHACHNER
Assistant United States Attorney
Eastern District of New York

TAMRA T. MOORE
Trial Attorney
United States Department of Justice
Civil Division – Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, DC 20530
Tel: (202) 305-8628

*Attorneys for the Federal Defendants*