

100 William Street, 6th Floor
New York, NY 10038
Tel 212-417-3700
Fax 212-417-3890
www. mobilizationforjustice. org

September 20, 2017

<u>**Via Electronic Filing**</u>

The Honorable Eric N. Vitaliano
United States District Court, Eastern District of New York
225 Camden Plaza
Brooklyn, NY 11201

Re:     Request for Pre-Motion Conference – Leave to Amend Complaint
        *Washington, et al. v. HUD, et al.,* <u>16-CV-3948 (ENV)(SMG)</u>

Dear Judge Vitaliano:

We, along with Emery Celli Brinkerhoff & Abady LLP, represent the Plaintiffs in the above-referenced action. We write to request a pre-motion conference in anticipation of Plaintiffs' motion for leave to amend the First Amended Complaint ("FAC") to add one cause of action against the United States Department of Housing and Urban Development ("HUD"), and the HUD Secretary and FHA Commissioner in their official capacities ("Federal Defendants").

**Status of the Litigation and Description of the Proposed Amendment**

The present litigation, filed on August 12, 2016, is a putative class action brought by African-American homeowners in New York City whose Federal Housing Administration ("FHA") mortgages were auctioned out of the protections of the FHA program to the highest bidder (the "Note Sale Program"), subjecting them to these purchasers' predatory practices. Plaintiffs have alleged that the Federal Defendants through the Note Sale Program have discriminated against them in violation of the Fair Housing Act and violated their due process rights. Plaintiffs have also alleged Fair Housing Act discrimination claims and various consumer protection claims against U.S. Bank as Trustee for LSF9 and Caliber Home Loans, Inc. ("Lone Star Defendants").

Both Federal Defendants and Lone Star Defendants moved to dismiss the FAC. Those motions were fully submitted to the Court on July 12, 2017. Two days later, on July 14, 2017, HUD's Office of the Inspector General (the "Inspector General") published an audit report finding that HUD failed to engage in required notice-and-comment rulemaking before administering the Note Sale Program (the "July Audit Report").[1]

As a result of the July Audit Report, Plaintiffs now seek to amend the FAC to add one additional cause of action solely against the Federal Defendants challenging their failure to undertake formal rulemaking

---

[1] The July Audit Report is available at https://www. hudoig. gov/sites/default/files/documents/2017-KC-0006. pdf.

as required by the Administrative Procedure Act ("APA") and HUD regulations (the "Notice and Comment Claim").[2]

On August 1, 2017, Plaintiffs' counsel contacted Federal Defendants' counsel, Tamra Moore, to inform her that Plaintiffs sought to amend the FAC to add the Notice and Comment Claim. We inquired as to whether Federal Defendants would stipulate to leave to amend the FAC and agree to limit any motion to dismiss that the Federal Defendants may seek to file to the new cause of action since the pending motion to dismiss involving different causes of action has been fully submitted to the Court. We provided a redlined draft of the proposed Second Amended Complaint ("SAC") to Ms. Moore. On August 23, 2017, Ms. Moore informed us that Federal Defendants would not agree to Plaintiffs' proposed stipulation and would oppose Plaintiffs' request to amend. As a result, Plaintiffs now seek a pre-motion conference to discuss Plaintiffs' intent to seek leave of this Court to amend the FAC.

**Plaintiffs' Request Fully Meets the Legal Standard for Leave to Amend**

Leave to amend a pleading should be freely given ". . . when justice so requires." FRCP Rule 15(a)(2). Such leave should be denied only if (1) there is undue delay, bad faith or dilatory motive, (2) there is undue prejudice to the opposing party, (3) the amendment proves futile, or (4) there is repeat failure to cure deficiencies through previous amendments. *See Ruotolo v. City of N.Y.*, 514 F. 3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). As this is Plaintiffs' first request for leave to amend the pleadings, the last factor is inapplicable. The remaining factors are not present and thus, leave should be granted.

*(1) Plaintiffs Timely Moved to Amend*

As described above, less than a month after the issuance of the Audit Report, Plaintiffs provided a draft SAC to Federal Defendants' counsel, which added the Notice and Comment Claim. After being informed that the Federal Defendants wish to oppose the amendment, Plaintiffs now seek leave to amend the SAC.

*(2) Federal Defendants Have Not Been Unduly Prejudiced*

In assessing the likelihood of prejudice, the court should consider whether the proposed amendment will "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Assoc.*, 988 F. 2d 344, 350 (2d Cir. 1993).

None of these factors are present here. The proposed SAC is being submitted at the beginning stages of the litigation while Defendants' motions to dismiss are pending and only limited document discovery has occurred. Granting Plaintiffs leave to amend the FAC to add an independent cause of action will have no bearing on the pending motions to dismiss. Furthermore, in analyzing whether Plaintiffs'

---

[2] The proposed Second Amended Complaint also seeks to add to the caption Benjamin Carson in his official capacity as Secretary of HUD and remove Julian Castro. However, as Mr. Castro was sued in his official capacity, this is not a substantive amendment. At this time, a new FHA Commissioner has not been named and thus the proposed Second Amended Complaint retains Edward Golding as FHA Commissioner. Because the proposed amendment to the complaint does not alter the original claims, this amendment should have no effect on the pending motions to dismiss that were fully briefed and submitted on July 12, 2017.

proposed amendments are not futile, the Court will apply the same standard as one on a motion to dismiss. *Bonano v. Southside United Housing Development Corp*., 363 F. Supp.2d 559, 563 (E.D.N.Y. 2005). As a result, the Court could request that Federal Defendants simultaneously brief its arguments for dismissal in response to Plaintiffs' motion for leave to amend the FAC in order to avoid significant dely.

Finally, Federal Defendants cannot argue that the addition of the Notice and Comment Claim comes as a surprise. HUD's Inspector General first began investigating the Note Sale Program in October 2016 (*see* July Audit Report, *supra* note 1, at 8). Furthermore, the Inspector General provided a draft copy of the Audit Report to HUD in or around early June 2017 (*Id.*, at 10). And Plaintiffs' counsel first contacted Federal Defendants' counsel on August 1, 2017 regarding amending the FAC.

### (3) The Proposed Amendment is Not Futile

In determining whether a proposed amendment would be futile, a court is to ".  .  . consider the proposed amendment[s] . . . along with the remainder of the complaint, accept as true all non-conclusory factual allegations therein, and draw all reasonable inferences in plaintiff's favor to determine whether the allegations plausibly give rise to an entitlement to relief." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.,* 681 F.3d 114, 119 (2d Cir. 2012)

Here, Plaintiffs' proposed new cause of action against the Federal Defendants is legally sufficient. The proposed SAC alleges that HUD violated the APA by failing to engage in required formal rulemaking. This proposed cause of action is based squarely on the recent findings of the HUD Inspector General. For example, HUD's Inspector General found that the Note Sale Program – an $18 billion program implemented over several years – is a substantive rule subject to notice-and comment under the APA. The July Audit Report goes on to find that HUD never held a public comment period or promulgated a final rule even though under the APA, 5 U.S.C. § 553, and HUD's own regulations, 24 C.F.R. § 10.1 *et seq*., HUD is required to engage in notice-and-comment when it issues "substantive rules." *See also Mendoa v. Perez*, 754 F.3d 1002, 1021 (D.C. Cir. 2014). In response to these findings, HUD itself has admitted that it was required to engage in notice-and-comment rulemaking, commenting that it "concur[s] with the recommendations" of the Audit Report. (*see* July Audit Report, *supra* 1, at 11).

Finally, Plaintiffs, who are homeowners whose FHA mortgages were sold out of the FHA Mortgage Program - or at risk of being sold - through HUD's Note Sale Program, have standing to bring the Notice and Comment Claim. As more fully explained by Plaintiffs in their response to the Federal Defendants' pending motion to dismiss, Plaintiffs meet all three requirements of standing: injury-in-fact, traceability, and redressability. Pls.' Mem. of Law in Opp'n to Fed. Defs.' Mot. to Dismiss, (Dkt. 57), pp. 4 – 16.

Thus, in accordance with your Honor's Rules, Plaintiffs respectfully request a pre-motion conference to discuss this matter or, in the alternative, permission to file a motion for leave to amend the FAC.


___/s/Elizabeth M. Lynch_____
Elizabeth M. Lynch


Cc:     All Counsel of Record (via e-filing)