

**U.S. Department of Justice**
*Civil Division*

March 13, 2018

**BY CM/ECF**

The Honorable Steven M. Gold
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Joseph Washington, et al. v. United States Department of Housing & Urban Development, et al.,*
            Civil Action No. CV-16-3948 (E.D.N.Y.) (Vitaliano, J.) (Gold, M.J.)

Dear Magistrate Judge Gold:

      The Federal Defendants respectfully write to inform the Court of recent developments in this case of which the Federal Defendants first became aware during the March 6, 2018 argument and which bear on this Court's jurisdiction to resolve the merits of Plaintiffs' claims.

      When Plaintiffs filed this suit against the Federal Defendants, three of the four named Plaintiffs (Blackett, Mason, and Trotman) alleged that as a result of their respective mortgage loan defaults, their mortgage lenders had initiated foreclosure proceedings against them, which were pending at the time Plaintiffs filed this lawsuit, *see* Am. Compl. ¶¶ 276 (alleging that Continental sued Mr. Blackett for foreclosure), 315 (alleging that Chase sued Ms. Mason for foreclosure), 358 (alleging that Hartford sued Ms. Trotman for foreclosure). In addition, Plaintiffs' Amended Complaint alleged that no Plaintiff had been offered "a HAMP or HAMP-like product" after defaulting on their respective mortgage loans, *see, e.g., id.* ¶¶ 246, 248 (Washington), 280-81, 287 (Blackett), 330-31, 332 (Mason), 364, 367 (Trotman).

      As a result of representations that Plaintiffs' counsel made during the March 6, 2018 argument, however, it has become clear that many of the factual allegations underpinning Plaintiffs' claims against the Federal Defendants are no longer operative. For example, during the March 6 argument, Plaintiffs' counsel represented for the first time that none of the four named Plaintiffs is currently facing foreclosure. *See* Tr. of Civ. Cause for Hr'g Before the Hon. Steven M. Gold, U.S. Magistrate Judge ("MTD Hr'g Tr.") at 109-11 (E.D.N.Y. Mar. 6, 2018), ECF No. 73. Indeed, in response to a question from the Court about the status of the mortgage foreclosure proceedings against Plaintiffs, Plaintiffs' counsel responded that the

foreclosure proceedings that had been pending against Plaintiffs Blackett, Mason, and Trotman have been discontinued. *Id.*

During the March 6 argument, Plaintiffs' counsel also stated that Plaintiffs Mason and Trotman have recently accepted "HAMP or HAMP-like" loan modifications, which modify the terms of their respective defaulted mortgage loans. *Id.* at 109, lines 5-16 (stating that Plaintiff Mason's foreclosure proceeding was "just recently . . . discontinued as a result of [her loan] modification"); *see also id.* at 110, lines 3-22 (explaining that Plaintiff Trotman's defaulted mortgage loan has "been recently modified" and stating that because she is no longer in default, Plaintiff Trotman "herself is no longer at risk of being sold [through the Note Sale Program]").

These recent developments demonstrate that the claims of Plaintiffs Mason and Trotman are now moot and should be dismissed, *see Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90-91 (2013); *see also Spirit Realty, L.P. v. GH & H Mableton, LLC*, 227 F. Supp. 3d 291, 297 (S.D.N.Y. 2017) (quoting *Flast v. Cohen*, 392 U.S. 83, 95 (1968)). The same is true with respect to the claims of Plaintiffs Washington and Blackett, which are based primarily on their concern that they would lose their respective homes in foreclosure proceedings after the sale of their defaulted mortgage loans in the Note Sale Program. *See* Am. Compl. ¶¶ 295-300. According to Plaintiffs' counsel's representations during last week's argument, there are no "active foreclosure proceedings [pending against Plaintiff Blackett]" at this time, *see* MTD Hr'g Tr. at 109, lines 22-25. And during the March 6 hearing, Plaintiffs' counsel confirmed that Plaintiff Washington has never been the subject of a foreclosure proceeding. *See* Am. Compl. ¶ 246; *see also* MTD Hr'g Tr. at 38, lines 14-25.

These subsequent events further underscore the fact that Plaintiffs' allegations concerning the "adverse[]" and destabiliz[ing]" impact that the Note Sale Program has on African-American neighborhoods in New York, *see, e.g.*, Am. Compl. ¶¶ 11, 94-97, 396-413, are based purely on conjecture. *See Clapper v. Amnesty Int'l. USA*, 568 U.S. 398, 410 (2013); *see also Nat'l Council of La Raza v. Gonzales*, 468 F. Supp. 2d 429, 440 (E.D.N.Y. 2007). Regardless of whether their defaulted mortgage loans were sold through a Federal Housing Administration ("FHA") note sale, all four named Plaintiffs remain in their homes today, without the imminent risk of foreclosure through active proceedings. To that point, almost four years after their respective defaulted mortgage loans were sold through the Note Sale Program, Plaintiffs Washington, Blackett, and Mason remain in their homes, and none of them currently faces foreclosure. *See* MTD Hr'g Tr. at 38, lines 14-25; *see also id.* at 109-11. And despite her alleged apprehension that her defaulted mortgage loan faced imminent sale in the Note Sale Program, *see* Am. Compl. ¶ 372, Plaintiff Trotman remains in her home, and no longer faces foreclosure or the risk of having her loan sold through the Note Sale Program because she accepted a loan modification offered by her original servicer and is now current on her monthly mortgage payments. *See* MTD Hr'g Tr. at 110, lines 3-19.

Finally, these recent developments further buttress the Federal Defendants' arguments, *see* Fed. Defs.' Mem. of Law in Support of the Fed. Defs.' Mot. to Dismiss Pls.' Am. Compl. at 13-14, ECF No. 56-5; *see also* Reply in Support of Fed. Defs.' Mot. to Dismiss Pls.' Am.

Compl. at 3-5, ECF No. 58, that Plaintiffs' claims that the sale of their defaulted mortgage loans through the Note Sale Program increases their risk of foreclosure, *see, e.g.*, Am. Compl. ¶¶ 186, 190, are too speculative to establish and maintain an Article III injury. To that point, as their counsel confirmed during last week's argument, Plaintiffs remain in their homes and do not face the risk of foreclosure.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

RICHARD P. DONOGHUE
United States Attorney
Eastern District of New York

LESLEY R. FARBY
Assistant Branch Director

ELLIOT M. SCHACHNER
Assistant United States Attorney
Eastern District of New York

By: *Tamra T. Moore*
TAMRA T. MOORE
Trial Attorney
United States Department of Justice
Civil Division – Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, DC 20530
(202) 305-8628

cc: All counsel of record